■ HARLE BATES et al., Appellants, v ANDREW SMYTH, Respondent, et al., Defendants. (Action No. 1.) HARLE BATES et al., Appellants, v EUGYNEE V. CAMPBELL, Defendant. (Action No. 2.) HARLE BATES et al., Appellants, v VANGUARD HOLDING CORP., Respondent. (Action No. 3.)—In three actions to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an interlocutory judgment of the Supreme Court, Nassau County (Becker, J.), dated June 4, 1987, as, upon a jury verdict, (1) apportioned fault in the happening of the accident at 60% for the defendant Smyth and 40% for the plaintiff, and (2) dismissed the complaint insofar as it is asserted against the defendant Vanguard Holding Corp.

Ordered that the interlocutory judgment is affirmed insofar as appealed from, with costs to the respondents.

The defendant Andrew Smyth's arguments in favor of a new trial are not properly before us since he failed to cross-appeal from the interlocutory judgment.

The trial court did not err in excluding a statement allegedly made by the defendant Andrew Smyth to the plaintiff

Harle Bates in a conversation after the accident. The statement was hearsay and none of the exceptions to the hearsay rule permitted its admission.

We have considered the plaintiffs' remaining contentions and find them to be without merit. Bracken, J. P., Brown, Kunzeman and Spatt, JJ., concur.